# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Honorable Mark Falk |
| v. | : Mag. No. 19-3580 |
| CHRISTOPHER FASCHAN | : **CRIMINAL COMPLAINT** |

I, Justin Benagh, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and that this complaint is based on the following facts:

### SEE ATTACHMENT B

_____
Justin Benagh
Special Agent
Bureau of Alcohol, Tobacco, and
Firearms & Explosives (ATF)

Sworn to before me and subscribed in my presence,
April 3, 2019, Essex County, New Jersey

_____
Signature of Judicial Officer

Honorable Mark Falk
United States Magistrate Judge

1

## ATTACHMENT A

### COUNT ONE
(Unlawful Possession of Destructive Devices)

From at least in or about February 2019, in Sussex County, in the District of New Jersey and elsewhere, the defendant,

**CHRISTOPHER FASCHAN**,

knowingly did possess firearms/destructive devices, as defined in Title 26, United States Code, Sections 5845(a)(8) and 5845(f)(1), to wit, possessed destructive devices which were not registered to him in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Section 5841.

In violation of Title 26, United States Code, Sections 5861(d) and 5871.

## COUNT TWO
(Unlawful Possession of Explosive Materials by a Convicted Felon)

From at least in or about February 2019, in Sussex County, in the District of New Jersey and elsewhere, the defendant,

## CHRISTOPHER FASCHAN,

having been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Sussex County, did knowingly ship or transport any explosive in or affecting interstate or foreign commerce or to received or possessed any explosive which has been shipped or transported in or affecting interstate or foreign commerce, namely, Black Powder.

In violation of Title 18, United States Code, Sections 842(i)(1), 844(a)(1).

## COUNT THREE
(Possession of a Firearm by a Convicted Felon)

On or about February 4, 2019, in Sussex County, in the District of New Jersey and elsewhere, the defendant,

**CHRISTOPHER FASCHAN**,

having been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Sussex County, did knowingly possess in and affecting commerce firearms and ammunition, namely:

(1) One 9mm Smith and Wesson semi-automatic, Model 5, high capacity handgun, bearing serial number TEY4898;

(2) One 9mm Fabrique Nationale Herstal semi-automatic Handgun, Model FNX-9, bearing serial number FX1U018745;

(3) One Mossberg 12 Gauge Shotgun, Model # 500, bearing serial number T916868;

(4) One Savage .22 Caliber Long Rifle, Model # 64, bearing serial number L363896;

(5) One Sturm Ruger .22 Caliber handgun, Model Mark 1, bearing serial number 10-36591;

(6) One .556 Caliber ammunition magazine with a 100 round capacity;

(7) Five pistol magazines loaded with 9MM hollow point rounds, as follows:

    a. Magazine-1 loaded with 18 rounds;

    b. Magazine-2 loaded with 12 rounds;

    c. Magazine-3 loaded with 11 rounds;

    d. Magazine-4 loaded with 9 rounds;

    e. Magazine-5 loaded with 9 rounds.

(8) One large capacity 9MM pistol magazine loaded with 25 rounds.

In violation of Title 18, United States Code, Section 922(g)(1) and 924(d).

## ATTACHMENT B

I, Justin Benagh, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date and time alleged.

1. On or about February 1, 2019, at approximately 10:45 p.m., CHRISTOPHER FASCHAN ("FASCHAN") drove to the area of an individual's home in and around Stanhope, New Jersey and displayed what FASCHAN called a "Bomb" to the individual ("Individual-1"). According to Individual-1, FASCHAN stated, "this may be a good area to let this thing off" before leaving the area of Individual-1's home.

2. At approximately 10:52 p.m. and thereafter, reports of a bomb detonation ("Bomb Report") were received by the Byram Township Police Department.

3. At approximately 10:54 p.m., shortly after the Bomb Report, FASCHAN called Individual-1 and, according to Individual-1, stated "That's something that could easily be put under someone's car, not that I would do that or anything."

4. On or about February 4, 2019, law enforcement agents interviewed FASCHAN at the Roxbury, NJ Police Department. During that interview, FASCHAN stated that he had ignited a two-pound bomb in the area of Lake Lackawanna, Stanhope, New Jersey. FASCHAN further described other explosive devices he had built, including a device that contained BB fragmentation. FASCHAN further stated that when making bombs he used and mixed Potassium Perchlorate, Aluminum Powder, and Tannerite. FASCHAN further stated that he had multiple firearms located as his residence, and provided the combination for a safe that contained firearms. FASCHAN explained that he purchased many of his weapons and explosive precursor chemicals, including Tannerite, from outside of New Jersey.

5. On February 4 2019, a State Judge sitting in Sussex County authorized a search warrant (the "Warrant") for the apartment where FASCHAN resides (the "apartment"), the vehicle FASCHAN was known to drive ("the vehicle"), and other evidence, to include electronic devices, relevant to the investigation.

6. While executing the search warrant law enforcement officers seized the following evidence in the apartment of FASCHAN:

    a. Two (2) Devices, that appear, based on my training and experience, to be explosive devices[1]:

        (1) Device one ("Device-1") contained explosive material inside a black in color container with BB fragmentation and a green color fuse protruding from the device in order to initiate the destructive device;

        (2) Device two ("Device-2") contained explosive material in the center with several containers of lighter fluid affixed around the center and a fuse protruding from the device in order to initiate the destructive device.

    b. Four (4) Plastic Containers labeled "exploding targets" containing a substance that appears, based on law enforcement agents training and experience, to constitute Ammonium Nitrate;

    c. One (1) Package labeled "Thermite" containing separated chemicals;

    d. One (1) Container containing dark colored powder labeled "Indian Dark";

    e. One (1) unlabeled plastic bag containing fine dark colored powder;

    f. One (1) Clear plastic container labeled "German Ecartk aluminum powder";

    g. One (1) Plastic Container labeled "Potassium Perchlorate";

    h. Three (3) Mason jars ("Jars") containing a white colored substance labelled "KC104";

    i. One (1) Package of Hobby Fuse;

    j. Two (2) Plastic containers containing sphere shaped gray colored energetic pellets;

---

[1] Based on my review of the evidence, I believe there is probable cause to believe that these devices meet the definition of "destructive device" under 26 U.S.C. Section 5845(f)(1) because they each were a "bomb."

6

        k.      One (1) red and white colored can labeled "FFg super fine black rifle powder";

        l.      Thirteen (13) homemade M Series pyrotechnic devices;

        m.      Four (4) improvised pyrotechnic shot shells;

        n.      One (1) Box labelled "ten flash banger rounds 37MM" containing 17 pyrotechnic shot shells;

        o.      One (1) Plastic container containing suspected black powder;

        p.      One (1) plastic container containing dark colored fine powder;

        q.      One (1) bag containing electrical initiators.

7.    A photograph of Device-1, including the sphere shaped gray colored energetic pellets, is set forth below:



8.    A photograph of Device-2 is set forth below:



9. Based on my training and experience, and conversations with other law enforcement officers, I am aware of the following:

   a. Tannerite, aluminum, and potassium perchlorate and black powder can be used an explosive precursor materials, and, when combined, form an explosive material that can create heat and high temperatures;

   b. Aluminum Powder and sulfur can be used as a fuel for making explosive devices;

   c. Material such as Black Powder is designed to deflagrate when confined in containers such as the Glass Jar and, when properly confined and lit with a fuse, the Powder explodes;

   d. Items such as BBs can be used as fragmentation that, when combined with Black Powder, can be released as projectiles, causing damage during an explosion; and

   e. Ammonium nitrate, Indian dark aluminum powder, German Eckarkt aluminum powder, and Potassium Perchlorate can be used as explosive precursor materials and, when combined, form an explosive material that can create heat and high temperatures.

10. Law enforcement agents also found and seized inside the Apartment, the following firearms, ammunition, and handgun magazines, among other things:

   a. One 9mm Smith and Wesson semi-automatic, high capacity handgun, bearing serial number TEY4898;

   b. One 9mm Fabrique Nationale Herstal semi-automatic Handgun, Model FNX-9, bearing serial number FX1U018745;

   c. One Mossberg 12 Gauge Shotgun, Model # 500, bearing serial number T916868;

   d. One Savage .22 Caliber Long Rifle, Model # 64, bearing serial number L363896;

   e. One Sturm Ruger .22 Caliber handgun, Model Mark 1, bearing serial number 10-36591;

8

      f.     One .556 Caliber ammunition magazine with a 100 round capacity;

      g.     Five pistol magazines loaded with 9MM hollow point rounds, as follows:

           (1)     Magazine-1 loaded with 18 rounds;

           (2)     Magazine-2 loaded with 12 rounds;

           (3)     Magazine-3 loaded with 11 rounds;

           (4)     Magazine-4 loaded with 9 rounds;

           (5)     Magazine-5 loaded with 9 rounds.

      h.     One large capacity 9MM pistol magazine loaded with 25 rounds.

11.     Photographs of some of the aforementioned firearms are set forth below.







12.     As part of the search warrant, law enforcement officers searched the vehicle and seized the following:

       a.     An Asus Brand Laptop computer ("Asus Laptop"): A forensic search conducted of the Asus Laptop by the Sussex County prosecutor's Office revealed an internet history that included web pages related to firearms, ammunition, and silencers;

10

      b.    A Samsung Cellular Phone: The phone contained an image/photo on FASCHAN Samsung Cellular Phone that appeared to show an explosive device which had magnets and a remote detonation switch. This photo is consistent with the explosive device that can affixed to certain metal objects, including cars. A photo of this device is set forth below:



13.    Law enforcement agents also found 5 composition notebooks that were diaries (the "Diaries") in the apartment. The front of the diary contained writing stating CHRIS FASCHAN, along with date ranges. The Diaries includes handwriting that states the following:

      a.    "I got my new threaded fnx 9mm barrel today, and I just placed the order for the suppressor parts – as the next step" [Labeled February 1, 2019];

      b.    "I'm a felon" [Labeled Sunday, April 10, 2011];

      c.    "…last night i bought my first gun, with my own money. See mom and dad gave me a .22 cal long rifle.."; "all of the money i've gained i've re-invested or saved, except for the .380 automatic I bought from a friends father (to ensure i'm not handling a dirty piece). I bought the .380, 3 clips, + 3 boxes of bullets for $600.. not too great, but it's a clean gun and that's a hard thing to come by these days." [Labeled October 10, 2011];

      d.    "…my parents finally gave me pop's old .22 ruger mark I that is the smoothest gun i've ever held. The clip loads easy and you can literally cock the hammer back in the blink of an eye and you doubt that a bullet has even been loaded until you

11

cock it again just to see the loaded shell fly out." [Labeled Thursday, November 10, 2011];

e. "I now have 4 guns. My most recent is a Mossberg 500 JIC II (just in case) 12 gauge. It has an 18 inch barrel, and a pistol grip – all black. [Labeled December 9, 2011];

f. "The final thing I want to mention, is that i've finally learned how to use a remote detonator for explosives and fireworks." [Labeled December 15th/14th, 2014];

g. "Also, I just got 3 lbs of potassium perchlorate in the mail, and i have a lb of Indian Dark aluminum powder and a bunch of new casings coming in the mail by next week. Things are going to get interesting ☺. I ordered 6" by 1" diameter shiny red tubes that look like old-school sticks of dynamite." [Labeled March 28, 2015];

h. "With all that money I had/have, I went on a shopping spree and bought 3 new toys. I finally got that snub nose, my old ruger mark i, and a new 9. they are black, and blue steel w/wood colored grips. so bad ass." [Labeled February 24, 2016];

i. "I got a gun safe for my birthday. [Labeled March 20, 2016].

14. On or about March 1, 2019, I received an ATF record from the ATF national firearms act branch that maintains records of legally registered destructive devices documenting that there are no records that indicate that CHRISTOPHER FASCHAN, the defendant, filed a written application for the possession or transfer of any destructive devices as required for legal possession and/or transfer, and that FASCHAN is neither a licensee nor a permittee as those terms are used in 18 U.S.C. § 841(j)(m).

15. On or about February 8, 2010, FASCHAN was convicted in the Superior Court of New Jersey, Sussex County, of unlawful possession of controlled substance, in violation of N.J.S.A. 2C:5-2, a crime punishable by imprisonment for a term exceeding one year.